DESTRUCTION OF SCHOOL FACILITIES — CAUSE UNDETERMINED Where the cause of destruction of school facilities is undetermined and no further information is discernible, the cause therefore cannot be contributed to an "Act of God" pursuant to 70 O.S. 15-2 [70-15-2] (1970). The Attorney General is in receipt of your letter dated April 7, 1971, wherein you set out the following: "The Strother Board of Education recently held a bond election, which was defeated. The law states — '. . .presidents of Boards of Education shall have full power to issue proclamations calling school elections; provided that no election shall be called on the same proposition within four months after such proposition has been defeated at an election by the school district electors. The provisions of this Act as to the waiting period shall not apply where the school facilities have been destroyed by an act of God.' The Strother school was recently destroyed by fire and the question is whether this could be termed an act of God, thus allowing the Strother Board of Education to conduct another bond election before the four-month period is terminated. Attached is a copy of a statement by the State Fire Marshall-after an investigation was made of the fire." (Emphasis added) The provision as cited above is found in 70 O.S. 15-2 [70-15-2] (1970) and specifically prohibits another election on the same proposition within four (4) months unless the facilities in question have been destroyed by an "Act of God." An "Act of God" is generally defined as "an act occasioned exclusively by a violence of nature without the interference of any human agency", Black's Law Dictionary 43 (4th ed. 1951). An "act of God" is generally utilized as a defense in an action upon negligence and as such, releases the defendant from liability if the proximate cause of loss is proven to be an "act of God" thereby constituting an inevitable or unavoidable accident. In Black v. Ellithrop, 382 P.2d 23
(Okl. 1963) the court said: "Acts of God such as unprecedent rainfall and resulting flood, which will excuse from liability, must not only be proximate cause of loss but must be sole cause and if injury is caused by act of God commingled with defendant's negligence as sufficient and contributing concurrent cause, and injury would not have occurred except for such negligence, defendant will not be liable." The State Fire Marshall's report states that "no determination was made of the fire cause due to completeness of the burning." The report indicates no other information upon which a determination of cause can be had and assuming there is none further, an "Act of God" cannot be presumed. In Shaff v. Roach,116 Okla. 205 (1928), the Court therein indicated that Oklahoma follows the strict interpretation of "Act of God". There must be a reasonable ground upon which is based such a theory; otherwise, negligence is the presumption. Any "Act of God" position must be totally devoid of any and all human agency, and as such, there must be proof to substantiate any accident alleged to be produced by natural causes. Further, any commingling of human agency will alleviate any presupposed "Act of God", City of Enid v. Reeser, 355 P.2d 407 (Okla. 1960). It is therefore the opinion of the Attorney General that your question be answered in the negative. Where the cause of destruction of school facilities is undetermined and no further information is discernible, the cause therefore cannot be contributed to an "Act of God" pursuant to 70 O.S. 15-2 [70-15-2] (1970). (Larry L. French)